NIMA FARBOODY (CA BAR NO. 262371)
20255 Corisco St.
Chatsworth, CA 91311
Tel: 818-886-3200
Fax: 818-886-3257
Email: nfarboody@mazalent.com

Attorney for MAZAL GROUP, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZAL GROUP, LLC, a California Limited Liability Company<br><br>         Plaintiff,<br><br>    vs.<br><br>MICHAEL LEVY, an individual; and DOES 1 to 10,<br><br>         Defendants. | Case No.: 2:18-cv-00037<br><br>**COMPLAINT FOR:**<br>1) **BREACH OF CONTRACT**<br>2) **UNJUST ENRICHMENT**<br>3) **STATUTORY AND COMMON LAW UNFAIR COMPETITION AND BUSINESS PRACTICES**<br>4) **NEGLIGENT INTERFERENCE WITH AN ECONOMIC RELATION** |

## INTRODUCTION

1. This is an action by MAZAL GROUP, LLC, a California limited liability company ("Plaintiff" or "MAZAL"), to recover damages due to the breach of contract by MICHAEL LEVY, an individual and DOES 1-10 ("Defendants" or "Defendant"), whose names have not yet been determined.

## JURISDICITON

2. This Court has original jurisdiction over MAZAL's claims due to the matter arising in diversity jurisdiction pursuant to 28 U.S.C §1332 in a claim between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00). This Court has supplemental jurisdiction over MAZAL's state law claims under 28 U.S.C. §1367. Furthermore, the state law claims contained herein are instituted to the provisions of 28 U.S.C §1332

in that such claims constitute a civil action between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00).

3.  This Court has personal jurisdiction over Defendants pursuant to California Long Arm Statute, Cal. Code Civ. Proc §410.10, because, on information and belief, Defendants regularly conduct business in, and carry minimum contacts with, the State of California.

4.  Venue is proper in this District pursuant to 28 U.S.C. §1392(b) because a substantial part of the evens or omissions giving rise to Plaintiff's claims occurred in this District.  Furthermore, Defendants' signed agreement with Plaintiff agrees to jurisdiction and venue to this Court.

## PARTIES TO THE ACTION

5.  Plaintiff, MAZAL GROUP LLC, is, and at all times material hereto was, a California Limited Liability Company whose principal place of business is in Chatsworth, California.

6.  Defendant, MICHAEL LEVY, is and at all times material hereto was, a natural person residing in Miami Beach, Florida.

7.  Plaintiff, MAZAL is ignorant of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff, will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitious named defendants is responsible in some manner for the occurrence herein alleged, and that the Plaintiff's damages as herein alleged were proximately caused by their conduct.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

8.  Plaintiff, MAZAL is a company engaged in the manufacture and distribution of beauty products.  MAZAL engages clients with license agreements to license the right to sell and use trademarks and other intellectual property.

9.  On or about May 1, 2017 MAZAL and Defendants entered into an agreement for the licensing and right to sell certain VINE VERA ("BRAND") products to which MAZAL had exclusive rights to license (see Exhibit A).  And additionally, signed as guarantor with full liability.

10. Among the provisions the agreements in Exhibit A (henceforth the "AGREEMENT") were Section 1.03 of the AGREEMENT that outlined the proper channels for the sale of the BRAND products as follows:

> 1.03. <u>Authorized Sales Channels.</u> Licensee shall only sell, offer for sale, or otherwise advertise MG Products and at the MG Licensed Location(s). Sale, offers for sale, or advertisement of MG Products via other sales channels including, but not limited to online, wholesale or distribution channels, or transfer of bulk quantities of Products at reduced cost is strictly prohibited and considered a material breach of this Agreement. This Agreement is only for retail sales direct to end-use consumers at the Licensed Location(s). **Licensee is not authorized to sell, list, advertise or otherwise market MG Products online, either directly or indirectly.**

11. Pursuant to the AGREEMENT, Defendants agreed to sell such BRANDS products strictly according to the above provisions and as such made it a material element of the AGREEMENT the breach of which shall result in a total breach of the AGREEMENT (*see* Section 8 of the AGREEMENT).

12. On or about October 9, 2017, MAZAL employees discovered VINE VERA products subject to the AGREEMENT and specifically Section 1.03 were being sold by an eBay seller by the name of "mamaperla-604." These MG Products were traced using serial and batch numbers and were traced back to inventory of the Defendants and were sold in sufficient numbers such that MAZAL's licensing enforcement department concluded this was a professional online retailer and not an end-user.

13. On information and belief, Plaintiff alleges Defendants violated the AGREEMENT with the above actions and conduct and sold to resellers/non-end-users and/or indirectly sold MG Products online.

14. Plaintiff reached out to Defendants numerous times in an attempt to correct Defendants' infringing conduct which damages Plaintiff and harms their relations with other vendors of BRAND

1 products, among others.

2     15. Defendants have refused to comply with Plaintiff's demands to adhere to the AGREEMENT and thus Plaintiff seeks judgement against Defendants, each and every one, in this Court.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### BY PLAINTIFF MAZAL AGAINST DEFENANTS AND DOES 1-10

    16. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

    17. MAZAL alleges Defendants repeatedly violated Section 1.03 of the AGREEMENTS constituting a material breach pursuant to Section 8 of the AGREEMENTS by intentionally selling to resellers rather than end-users as required. Such violation did harm to Plaintiff and their relations to other vendors and others.

    18. Pursuant to Section 8.03 of the AGREEMENTS, Plaintiff is entitled to and claims liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00) per agreement.

    19. Plaintiff's remedies at law are not adequate to compensate for injuries inflicted by Defendants, and accordingly Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

### SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT
### BY PLAINTIFF MAZAL AGAINST DEFENANTS AND DOES 1-10

    20. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

    21. Plaintiff hereby alleges Defendants drew benefit from and enjoyment due to their participation in AGREEMENT, including but not limited to allowing Defendants the right to sell the

BRAND, which are brands with great luxury and esteem attached to it and use of BRAND's intellectual property. Defendants was given these certain rights and enjoyed certain associations by virtue of their signing the Agreement.

22. Defendants unjustly retained and enjoyed such benefits while violating the AGREEMENT to Plaintiff's detriment.

23. Plaintiff's remedies at law are not adequate to compensate for injuries inflicted by Defendants, and accordingly Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

24. Defendants has been unjustly enriched and, as a result, Plaintiff is entitled to Defendants' profits on sales and other revenues derived from their sales.

25. As a result of Defendants' actions, Plaintiff has suffered damages and requires resititution in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

STATUTORY AND COMMON LAW UNFAIR COMPETITION AND BUSINESS PRACTICES , Cal. Bus Prof Code § 17200, *et seq*.

BY PLAINTIFF MAZAL AGAINST DEFENANTS AND DOES 1-10

26. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

27. By reason of the foregoing, Defendants have been, and is engaged in "unlawful, unfair, or fraudulent business practices" in violation of §§ 17200 *et seq*., of the California Bus. & Prof. Code and acts of unfair competition in violation of the common law.

28. Defendants' wrongful breach of the AGREEMENTS and their unfair advantage at Plaintiff's expense is in violation of, among other things, California Business and Professions Code §§ 17200 *et seq*.

29. Plaintiff has suffered injury and damages and has lost income and/or property as a result of Defendants' unlawful and unfair practices in violation of Plaintiff's legally protected interests in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

NEGLIGENT INTERFERENCE WITH AN ECONOMIC RELATION

BY PLAINTIFF MAZAL AGAINST DEFENANTS AND DOES 1-10

30. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

31. Plaintiff was engaged in, at the time of the events described herein, and is presently engaged business relations with licensees through licenses.

32. Defendants knew or should have known about these relations. Defendants knew or should have known that the actions described herein, namely the laws through unauthorized channels and the disruption of MAZAL's distribution network would do substantial harm to MAZAL. By undercutting fellow licensees, Defendants did substantial harm to the reputation of the BRAND and the business of licensees while harming Plaintiff's relations to the licensees, due to Plaintiff's perceived inability to enforce vertical pricing models.

33. Defendants failed to act with reasonable care and harmed MAZAL as a result of their breach of contact.

34. Due directly and substantial to Defendants' wrongful conduct, MAZAL's relations with other licensees and business relations were harmed.

35. Defendants is liable for negligent interference with an economic relation.

36. Plaintiff has suffered injury and damages and has lost income and/or property as a result of Defendants' negligent interference with their economic relations in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgement against Defendants, and each of them, as follows:

1. For damages derived from the expected enjoyment which Plaintiff would have received if the AGREEMENTS were fully performed by Defendants.

2. For liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00) per Section 8, *et seq.* of the AGREEMENTS.

3. For specific performance of post-termination provisions contained in the AGREEMENTS.

4. For general and consequential damages to be established at trial.

5. For injunctive relief.

5. For costs of suit incurred herein pursuant to the Guaranty of Licensee's Agreement section of the AGREEMENTS.

6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  1/3/2018

By: /s/Nima Farboody_____
NIMA FARBOODY
Attorney for Plaintiff
MAZAL GROUP, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit A
Agreements